It is clear that upon this proof, there being no other testimony in the case as to the due execution of the will, no issue was presented for the jury upon this point, and when, at the close of the entire case, defendants' counsel moved the court to withdraw from the jury any question as to the due attestation and execution of the paper, that motion should have been granted. There was but one question submitted to the jury, "Is or is not the writing produced the last will of Helena Metzger?" and that, of course, involved the consideration of all three of the issues raised by plaintiff.

The learned court charged the jury very fully and very fairly upon the issues involved, and, among other matters, charged them at length upon the issue of the due execution of the will; and, while he expressed the opinion that the jury would not have very much trouble with that question, still it was one of the three issues, upon any one of which the jury, under the charge, might predicate a verdict for plaintiff. It is clear that defendants were prejudiced and subjected to an undue burden when the three issues were submitted to the jury, any one of which, if the finding was adverse to them, would justify a verdict for plaintiff, while there were actually but two issues which they were called upon to meet.

It is impossible now to tell whether the jury found for the plaintiff upon one or all of these issues, in the absence of the special verdict. It has been held by this court in Buchanan v. Belsey, 65 App. Div. 58, 72 N. Y. Supp. 601, that in the absence of a special verdict, where three issues are submitted to the jury, as to one of which a verdict for plaintiff is against the weight of evidence, a judgment for plaintiff must be reversed.

In this case, therefore, the order granting the motion to set aside the verdict and for a new trial must be affirmed, with costs to the respondents Metzger. All concur.

---

### In re SCHNABEL.

(Supreme Court, Appellate Division, First Department.　February 4, 1910.)

COURTS (§ 200¼*)—SURROGATE'S COURT—JURISDICTION.

    A Surrogate's Court has no general equity jurisdiction, and could not, in a judicial settlement of the accounts of an administratrix, adjudicate and set aside as void a bill of sale from decedent to administratrix.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 476, 477; Dec. Dig. § 200¼.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of Katharine Schnabel, as administratrix, etc., of Charles A. Schnabel, deceased. From a decree modifying, and, as modified, confirming, the report of a referee settling the accounts of the administratrix, she appeals. Modified, and, as modified, affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

---

Edward Hermann, for appellant.

Jerome H. Koehler, for respondents H. Koehler & Co.

Peter S. Carter, special guardian, for certain infant respondents.

McLAUGHLIN, J. The administratrix of the estate of Charles A. Schnabel, deceased, appeals from a decree of the Surrogate's Court finally and judicially settling her accounts as such. The respondents H. Koehler & Co. presented a claim against the estate of some $3,592, and a proceeding was instituted to compel the administratrix to account. She filed an account, in which she charged herself with $538, the amount standing to the credit of her intestate in a bank of deposit, and this she claimed was all the property which she had received. She credited herself with $442.10, which she had paid for funeral expenses; $165, for medical services rendered to her intestate; and $60, wages paid to her son William. Objections were filed to the account by the special guardian of certain infants and by H. Koehler & Co., and the matter sent to a referee, who, by consent, was also authorized to determine the validity of the claim of Koehler & Co., which the administratrix had rejected.

Upon the hearing before the referee it appeared that for many years prior to the intestate's death he had been a retail liquor dealer, conducting a saloon and hotel. After his death his widow, the appellant, continued the business for about a year, when she sold the same, together with a lease of the premises which she held, for $5,-500. The principal question litigated before the referee was whether she was chargeable, as administratrix, with any of the assets derived from the business while she conducted it, and also the amount received by her from the sale. She claimed that some two years prior to his death the intestate sold the business to her (including all the property, furniture, and fixtures in the building, or used in connection therewith), and to substantiate her claim she produced a bill of sale, duly acknowledged by him on the 4th of October, 1902, transferring to her such business and property. The referee found that the claim of H. Koehler & Co. was valid to the extent of $1,500, to which it had been reduced by stipulation, and that the transfer of the property, as evidenced by the bill of sale, was, so far as H. Koehler & Co. were concerned, fraudulent and void, and he accordingly reported that the accounts of the administratrix should be surcharged with the sum of $5,500, the amount she received on the sale made by her; that the amount paid by her for funeral expenses was excessive, and her accounts should also be surcharged with so much of that item as was in excess of $160; and he disallowed the other two items referred to. The decree appealed from modified the report of the referee by allowing the administratrix the full amount claimed by her for funeral expenses, and also by directing that she be credited with the necessary expenses and charged with the receipts of the business from the death of her intestate until she made the sale above referred to, and for the purpose of determining such expenses and receipts he sent the matter back to the referee, and in all other respects the report was confirmed.

A Surrogate's Court is a court of limited jurisdiction. It can exercise only such power as is expressly given to it by statute. It

has no general equity jurisdiction, and therefore was without power to adjudicate and set aside as fraudulent and void the bill of sale referred to. Matter of Randall, 152 N. Y. 508, 46 N. E. 945; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Matter of Wagner, 119 N. Y. 28, 23 N. E. 200; Matter of Kellogg, 39 Hun, 275; Richardson v. Root, 19 Hun, 473. The learned referee was of the opinion, and the surrogate by confirming his report in this respect, must have entertained the same view, that since the question was whether the property belonged to the estate, or to the accounting administratrix, the Surrogate's Court had jurisdiction to determine that question, even though such determination involved setting aside the bill of sale as fraudulent and void. If this conclusion be correct, then a Surrogate's Court could always exercise equitable jurisdiction, if such exercise were necessarily involved in the determination of whether property claimed by another belonged to the estate, irrespective of what the evidence of the claimant's title was.

But the conclusion is not correct, as the slightest consideration of the authorities above referred to will show. A similar claim was made in Matter of Bunting, 98 App. Div. 122, 90 N. Y. Supp. 786, where a decedent, a short time before her death, had transferred all her property, amounting to upwards of $10,000, to a sister. Her two sisters, one of them being the transferee, were appointed executrices of her will. Upon the application of a creditor the executrices filed an account, showing that the testator left no property whatever. The creditor objected to the account, and sought to have the same surcharged by the value of the property transferred, or so much thereof as necessary to pay the claim. The Surrogate's Court held it had no jurisdiction to do this, inasmuch as it would involve the setting aside of the transfer, which necessitated the exercise of equitable powers. On appeal the decree was affirmed by this court; Mr. Justice Hatch, who delivered the opinion, saying:

"The jurisdiction which the petitioner sought to invoke was in every essential aspect equitable in character, as the judgment for which the petitioner asked could only proceed from a court exercising general equity powers and jurisdiction."

In the case now before us the genuineness of the bill of sale was not questioned, and therefore, until it is set aside, it is conclusive evidence that the property which it purports to transfer belonged to the appellant, and not to the estate which she represents. The Surrogate's Court had no jurisdiction whatever to set aside this bill of sale on the ground that it was fraudulent as to H. Koehler & Co., or in fact upon any ground, and for that reason the decree appealed from must be modified, by striking therefrom the provision surcharging the account of the administratrix with the sum of $5,500 received by her from the sale of the good will, fixtures, and lease of the liquor store, and also the provision referring the matter back to the referee to enable the administratrix to submit proof of the receipts and disbursements in the conduct of the liquor store, and, as thus modified, the decree should be affirmed, with costs to the appellant against H. Koehler & Co. All concur.